DICKINSON WRIGHT PLLC
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400
Fax:  (844) 670-6009

THORPE, NORTH & WESTERN, LLP
MARK M. BETTILYON
Utah Bar No. 4789 (*Pro Hac Vice Application to be submitted*)
JED H. HANSEN
Utah Bar No. 10679 (*Pro Hac Vice Application to be submitted*)
175 South Main Street, Suite 900
Salt Lake City, Utah  84111
Telephone:  (801) 566-6633
Facsimile:  (801) 566-0750
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCHLUTER SYSTEMS, L.P., a New York limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> ONE STOP SOURCING, INC. dba ALINO, a Canadian corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Schluter Systems, L.P. ("Schluter" or "Plaintiff") hereby files this Complaint with Jury Demand against Defendant One Stop Sourcing, Inc. doing business as Alino ("Alino" or "Defendant").

Plaintiff complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff brings this action under U.S. patent laws, 35 U.S.C. §§ 1 et seq.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over any state law, or statutory and common law claims pursuant to 28 U.S.C. § 1367.

2.      Upon information and belief, this Court has specific personal jurisdiction over Defendant as Defendant has purposefully directed its activities toward the state of Nevada and has promoted and/or sold the products at issue in this case into the state of Nevada. Particularly, Defendant has promoted the products at issue in this case at the Kitchen Bath & Industry Show in Las Vegas, Nevada.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district directly related to the patent at issue in this case thereby causing harm to Schluter in this judicial district. Venue lies in the unofficial Southern division of this Court.

4.      Plaintiff Schluter Systems L.P. is a New York limited partnership having a principal place of business at 194 Pleasant Ridge Road, Plattsburgh, New York 12901 ("Schluter").

5.      Upon information and belief, Defendant One Stop Sourcing, Inc. is a Canadian corporation doing business as Alino in the United States with a principal place of business at 25 Fairmont Close Brampton, Ontario, Canada  L6Y2Y3.

## GENERAL ALLEGATIONS

### PLAINTIFF'S PRODUCTS AND INTELLECTUAL PROPERTY

6.      Schluter repeats and realleges paragraphs 1 through 5 as is fully set forth herein.

7.      Schluter serves millions of consumers worldwide in the tile industry. Through its worldwide affiliates, Schluter markets a line of tile-related products including tile trims, uncoupling membranes, floor heating systems, waterproof building panels, and shower systems.

8.      In conventional tile systems, tiles are anchored directly to a substrate with mortar. However, movement (even slight) of the substrate can result in cracking and/or delaminating of the tile surface from the substrate. Generally speaking, an uncoupling membrane is a grid structure comprising cavities and an anchoring fleece laminated to the underside of the grid. The anchoring fleece is embedded in thin-set mortar to provide a mechanical bond to the substrate (e.g., a concrete or plywood subfloor). Tile is installed over the uncoupling membrane in such a way that mortar between the tile and the top surface of the membrane becomes mechanically

anchored in the cavities of the grid. The uncoupling membrane provides a forgiving shear interface that allows for in-plane movement, helping to neutralize differential movement stresses between the substrate and the tile, thus minimizing cracking and delaminating of the tiled surface.

9.     As a market leader and innovator in the tile industry, Schluter has invested significant sums of money in the development and protection of new products to serve the tile industry. As part of this, Schluter was awarded and is the owner of, United States Patent Number 6,434,901 protecting its innovative uncoupling membrane from copying and other acts of patent infringement (hereinafter the "'901 Patent"). The '901 Patent was granted on August 20, 2002. A copy of the '901 patent is attached hereto as Exhibit A.

10.    One of Schluter's successful products is its DITRA uncoupling membrane. Schluter has sold millions of dollars of its innovative DITRA uncoupling membrane which is protected by the '901 Patent. An example of Schluter's popular uncoupling membrane is shown below.



**ALINO'S MISCONDUCT**

11.    Upon information and belief, Alino makes, uses, sells, offers for sale, and/or imports into the United States, an uncoupling membrane product that infringes one or more claims of the '901 Patent (the "Infringing Product"), including claim 1 of the '901 Patent.

12.    Claim 1 of the '901 Patent recites:

> In combination with a base of a floor, ceiling or wall structure and with an adhesive contact layer and a surface facing adhered on said adhesive

3

contact layer, a support plate comprising:
a foil made of a synthetic sheet material, having spaced apart inner and outer sides, and formed with a plurality of raised web regions disposed at said outer side and extending in longitudinal and transverse directions of said outer side so as to intersect one another and a plurality of base web regions disposed at said inner side offset from and between said raised web regions so as to be spaced from one another by said raised web regions, said raised and base web regions being interconnected together by connection web regions extending between said inner and outer sides of said foil so as to define inwardly open grooves and outwardly open chambers there between in a pattern in which said inwardly open grooves intersect one another and are located behind said raised web regions of said foil and said outwardly open chambers are spaced from one another and located in front of said base web regions of said film so as to receive in said outwardly open chambers portions of said adhesive contact layer protruding within said outwardly open chambers to said base web regions of said foil, said raised web regions including edge portions which overhang said outwardly open chambers so as to define undercut portions thereof that retain said portions of said adhesive contact layer therein; and
a webbing attached to said inner side of said foil and to said base such that said foil is thereby attached to said base via said webbing and said foil also is attached to said surface facing via said adhesive contact layer so as to permit installation of said surface facing via said foil to said base of floor, ceiling or wall structure while at the same time neither said base nor said adhesive contact layer are not attached to one another because said foil is disposed there between and thereby provides a decoupling of differing stresses between said surface facing and said base.

13.   Upon information and belief, Alino's Infringing Product contains each and every element of claim 1 of the '901 Patent.  Attached hereto as Exhibit B is comparison of Alino's Infringing Product with the elements of claim 1 of the '901 Patent.

14.   Upon information and belief, Alino's Infringing Product is a copy of Schluter's DITRA uncoupling membrane.  A side-by-side comparison of Schluter's uncoupling membrane and Alino's uncoupling membrane is provided below:

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4



DITRA Uncoupling Membrane



Alino Uncoupling Membrane

15.     Upon information and belief, Alino is in direct competition with Schluter in the uncoupling membrane market.

16.     Upon information and belief, Alino maintains warehouses throughout the United States through which it ships products to consumers in the United States, including the state of Nevada.

17.     Upon information and belief, Alino makes, uses, sells, imports, offers for sale, and/or distributes its Infringing Products in the United States, including in Nevada.

18.     Upon information and belief, Alino has sold and/offered the Infringe Product for sale to consumers in the United States, including to consumers within the state of Nevada.

19.     Upon information and belief, Alino's continued manufacture, use, sale, import, and offer for sale, and distribution of its Infringing Products has injured, is injuring, and will continue to cause irreparable injury to Schluter.

20.     Additionally, upon information and belief, Alino acted in an objectively reckless manner with respect to Schluter's patent rights.

21.     Upon information and belief, Alino copied Schluter's DITRA product. Moreover, upon information and belief, Alino made, used, sold, offered for sale, and imported into the United States its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent. Upon information and belief, Alino knew, or should have known, that its actions were highly likely to result in the infringement of a valid patent. As

5

a consequence, Alino has engaged in willful infringement of the '901 Patent. Schluter is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

22.    Schluter has been, and continues to be, significantly damaged by Alino's actions. So long as Alino continues performing the unlawful and improper actions described in this Complaint, Schluter will continue to suffer irreparable harm that will not be fully compensable by money damages.

## FIRST CAUSE OF ACTION
### (PATENT INFRINGEMENT OF THE '901 PATENT UNDER 35 U.S.C. § 271)

23.    Schluter hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

24.    Schluter owns the '901 Patent.

25.    Alino makes, uses, sells, offers for sale, and/or imports into the United States one or more uncoupling membranes that infringe at least claim 1 of the '901 Patent, either literally or under the doctrine of equivalents.

26.    At no time has Schluter granted Alino permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or to practice the claims of the '901 Patent.

27.    Upon information and belief, Alino's infringing activities have damaged Schluter in an amount to be proven at trial. Among other remedies, Schluter is entitled to lost profits and/or a reasonable royalty to adequately compensate Schluter for Alino's infringing activities under 35 U.S.C. §284. Additionally, the harm to Schluter arising from Alino's acts is not fully compensable by money damages. Upon information and belief, Schluter has suffered, and continue to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Alino is preliminarily and permanently enjoined.

28.    Upon information and belief, Alino acted in an objectively reckless manner with respect to Schluter's patent rights. Upon information and belief, Alino made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would

6

constitute infringement of a valid patent and at the very least copied Schluter's products.  As a consequence, Defendant has engaged in willful infringement of the '901 Patent.  Schluter is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (CONTRIBUTORY INFRINGEMENT OF THE '901 PATENT UNDER 35 U.S.C. § 271)

29.     Schluter hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

30.     Schluter owns the '901 Patent.

31.     Upon information and belief, Alino makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing claims of the '901 Patent.

32.     At no time has Schluter granted Alino permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or practice the claims of the '901 Patent.

33.     Upon information and belief, the Infringing Products marketed and sold by Alino have no substantial non-infringing uses.

34.     Moreover, upon information and belief, the Infringing Products are known by Alino to be especially made or especially adapted for use in an infringement of the '901 Patent.

35.     Upon information and belief, Alino's infringing activities have damaged Schluter in an amount to be proven at trial.  Among other remedies, Schluter is entitled to its lost profits and/or a reasonable royalty to adequately compensate them for Alino's infringing activities under 35 U.S.C. §284.  Additionally, the harm to Schluter arising from the acts of Alino is not fully compensable by money damages.  Schluter has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Alino is preliminarily and permanently enjoined.

36.     Upon information and belief, Alino acted in an objectively reckless manner with respect to Schluter's patent rights.  Upon information and belief, Alino made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would

constitute infringement of a valid patent and at the very least copied Schluter's products.   As a consequence, Alino has engaged in willful infringement of the '901 Patent.  Schluter is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## THIRD CAUSE OF ACTION
**(INDUCED PATENT INFRINGEMENT OF THE '901 PATENT UNDER 35 U.S.C. § 271)**

37.     Schluter hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

38.     Schluter owns the '901 Patent.

39.     Upon information and belief, Alino makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing claims of the '901 Patent.

40.     At no time has Schluter granted Alino permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or practice the claims of the '901 Patent.

41.     Upon information and belief, Alino actively induces its customers to make use of the Infringing Products in a manner that infringes the '901 Patent.

42.     Upon information and belief, Alino possessed specific intent to encourage its customers to make use of the Infringing Products in a manner that Alino knew, or should have known, would infringe the '901 Patent.

43.     Upon information and belief, Alino's infringing activities have damaged Schluter in an amount to be proven at trial.  Among other remedies, Schluter is entitled to its lost profits and/or a reasonable royalty to adequately compensate them for Alino's infringing activities under 35 U.S.C. §284.  Additionally, the harm to Schluter arising from the acts of Alino is not fully compensable by money damages.  Schluter has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Alino is preliminarily and permanently enjoined.

44.     Upon information and belief, Alino acted in an objectively reckless manner with respect to Schluter's patent rights.  Upon information and belief, Alino made, used, sold, and

1  offered for sale its Infringing Products knowing that it was highly likely that its acts would

2  constitute infringement of a valid patent and at the very least copied Schluter's products.    As a

3  consequence, Alino has engaged in willful infringement of the '901 Patent.  Schluter is therefore

4  entitled to treble damages and attorneys' fees as well as costs incurred in this action along with

5  prejudgment interest under 35 U.S.C. §§ 284 and 285.

6       **WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of

7  Plaintiffs as follows:

8       A.     That the Court enter judgment that Alino has infringed the '901 Patent either

9  literally or under the doctrine of equivalents.

10       B.     That the Court enter judgment that Alino is liable to Schluter for contributory

11  infringement of the '901 Patent.

12       C.     That the Court enter judgment that Alino is liable to Schluter for inducement to

13  infringe the '901 Patent.

14       D.     That Alino be ordered to pay damages to Schluter, together with interest, in an

15  amount to be determined by this Court.

16       E.     That the Court award Schluter treble damages pursuant to 35 U.S.C. §284.

17       F.     That the Court award Schluter costs and attorneys' fees related to this action

18  pursuant to 35 U.S.C. §285.

19       G.     That the Court award Schluter prejudgment interest.

20       H.     That Schluter have such other and further relief as shall seem just and proper to

21  the Court.

22       I.     That the Court grant preliminary and permanent injunctive relief enjoining

23  Schluter, its officers, directors, principals, agents, servants, employees, successors and assigns,

24  and all other aiding, abetting, or acting in concert or active participation therewith, from directly

25  or indirectly infringing the '901 Patent, including without limitation, precluding Schluter from

26  making, using, selling, offering for sale, or importing the Infringing Products.

27  ///

28  ///

1

**JURY DEMAND**

2       Schluter hereby demand that all claims and causes of action raised in this Complaint be

3  tried to a jury to the fullest extent possible under the United States and Nevada Constitutions.

4       DATED this 20th day of January, 2017.

5                                                  DICKINSON WRIGHT PLLC

6                                                  BY:

7                                                  JOHN L. KRIEGER
                                                   Nevada Bar No. 6023
8                                                  Email:  jkrieger@dickinson-wright.com
                                                   8363 West Sunset Road, Suite 200
9                                                  Las Vegas, Nevada  89113-2210
                                                   Tel:  (702) 550-4400
10                                                 Fax:  (844) 670-6009

11                                                 THORPE, NORTH & WESTERN, LLP
12                                                 MARK M. BETTILYON
                                                   Utah Bar No. 4789
13                                                 (*Pro Hac Vice Application to be submitted*)
                                                   JED H. HANSEN
14                                                 Utah Bar No. 10679
                                                   (*Pro Hac Vice Application to be submitted*)
15                                                 175 South Main Street, Suite 900
                                                   Salt Lake City, Utah  84111
16                                                 Telephone:  (801) 566-6633
                                                   Facsimile:  (801) 566-0750
17

18                                                 *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28